IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAVID ANTONIO and CYNTHIA ANTONIO, husband and wife, | : | |
| Plaintiffs | : | |
| VS. | : | |
| WPX ENERGY, INC., MBI ENERGY LOGISTICS, LLC and CONSOLIDATED RESOURCES, LLC, | : | |
| Defendants | : | Civil Action No. _____ |

## COMPLAINT

The Plaintiffs, DAVID ANTONIO and CYNTHIA ANTONIO, through their counsel, Dougherty, Leventhal & Price, LLP, hereby complain against the above-named Defendants as follows:

### I. PARTIES

1. The Plaintiffs, David and Cynthia Antonio, are adult citizens of the United States of America. Mr. Antonio resides at 210 Old Rte. 6 East, Apt. 6, Laceyville, Wyoming County, Pennsylvania 18623. Mrs. Antonio resides at 1368 Wexford Drive South, Palm Harbor, Florida, 34683.

2. The Defendant, WPX Energy, Inc., is a Delaware corporation with its principal place of business located at 7 East 2nd Street, Tulsa, Oklahoma, 74103.

3. The Defendant, MBI Energy Logistics, LLC, is a North Dakota corporation with its principal place of business located at 12980 Thirty Fifth Street SW, P.O. Box 458, Belfield, North Dakota, 58622.

4. The Defendant, Consolidated Resources, LLC, is a Georgia corporation with its principal place of business located at 2029 5th Ave., Columbus, Georgia, 31904.

5. At all times pertinent to this action, Defendant WPX Energy was in the business of constructing pipelines and conducting directional drilling for the natural gas industry operating across the United States, including the Commonwealth of Pennsylvania.

6. At all times pertinent to this action, Defendants MBI Energy and Consolidated Resources had contracted with Defendant WPX Energy to perform gas drilling related services throughout the United States, including the Commonwealth of Pennsylvania.

7. Throughout the Summer of 2012, the Defendants conducted gas drilling operations and related activities in and around Susquehanna County, Pennsylvania.

8. At all times pertinent to this action, Plaintiff, David Antonio, was employed by Ace-Robbins, Inc., a company conducting gas drilling operations and related activities in and around Susquehanna County, Pennsylvania.

## II. JURISDICTION

9. Jurisdiction is based on 28 U.S.C. §1332(a)(1) as this civil action involves a controversy between entities and/or citizens of different states, and the amount in controversy exceeds seventy-five thousand dollars ($75,000.00).

## III. FACTUAL ALLEGATIONS

10. On July 26, 2012, at approximately 12:30 a.m., the Plaintiff, David Antonio, was in the scope and course of his employment with Ace–Robbins, Inc. and was delivering water to a gas drilling site known as the Sadecki site (Sadecki site) located off of Route 29 near Franklin Hill Road near Montrose, Susquehanna County, Pennsylvania.

11. On the same date and time, Defendants were in control of and conducting gas drilling

operations on the Sadecki site.

12. On the same date and time, Plaintiff, David Antonio, was instructed by Randy Taffera, Night Shift Supervisor/Pusher for Defendant MBI Energy, to deliver a message to Wayne R. Stewart, another Supervisor/Pusher of MBI Energy, working at the Sadecki site.

13. As Plaintiff, David Antonio, arrived at the Sadecki site, he parked his water truck in the designated area and exited the vehicle in order to speak with Wayne R. Stewart, Supervisor/Pusher for MBI Energy, as directed.

14. As Plaintiff, David Antonio, was walking towards where Mr. Stewart was located, he fell into an unguarded trench, six (6) to eight (8) feet in depth, which had recently been dug by Defendants on the Sadecki site.

15. Plaintiff, David Antonio, fell onto his head and back with his hard hat coming off. He was stuck in the unguarded trench for several minutes until he was able to climb out and seek help.

16. Despite excavating a deep trench on the Sadecki site, Defendants failed to provide any guarding of the site nor did they provide any warning of the trench to Plaintiff, David Antonio, prior to his arrival on the Sadecki site on July 26, 2012.

17. Prior to July 26, 2012, a decision had been made by Defendants not to utilize any artificial lighting at night on the Sadecki site because the landowners and/or neighbors had complained that artificial lighting at night was affecting their sleep.

18. Solely as a result of the carelessness and negligence of the Defendants, the Plaintiff, David Antonio, suffered painful and permanent injuries to his body including but not limited to: low back pain with radiculopathy from herniated discs at L4-5 and L5-S1 requiring back surgery.

## IV. CLAIM FOR RELIEF

### COUNT I - NEGLIGENCE

### DAVID ANTONIO vs WPX ENERGY, INC.

19.     Plaintiffs incorporate paragraphs 1 through 18 above as if the same were set forth at length herein.

20.     Defendant WPX Energy was negligent in maintaining the drilling site on the date in question in that it:

- (a) Failed to have adequate and proper guarding, including barriers, cones and/or roping around the trench;

- (b) Failed to have artificial lighting in the area of the trench due to complaints made by the land owners and/or neighbors of the property that the lights were disturbing their sleep;

- (c) Failed to have adequate and proper warnings and other notices posted regarding the trench;

- (d) Failed to properly train its employees regarding the hazards of the unmarked, unguarded trench;

- (e) Failed to exercise due care and reasonable care in keeping the premises safe and failed to permit and/or order its employees to properly warn of the hazards of the unmarked, unguarded trench;

- (f) Caused the premises to exist in such a condition as to create an unreasonable risk of harm to persons walking in this area; and

- (g) Failed to warn in any way Plaintiff, David Antonio, of the unprotected trench which was recently excavated by Defendants.

21. As a direct and proximate result of the negligence of the Defendant, WPX Energy, the Plaintiff, David Antonio, suffered the severe, painful, and permanent injuries to his body aforementioned.

22. As a result of his injuries, the Plaintiff, David Antonio, has incurred medical expenses for his care and treatment, and he believes and therefore avers that he will continue to incur medical expenses into the future. Additionally, a workers' compensation carrier is exerting a lien in this matter.

23. As a further result of his injuries, the Plaintiff, David Antonio, has suffered physical and mental pain, discomfort and inconvenience, and he will continue to endure pain and suffering in the future.

24. As a result of his injuries, the Plaintiff, David Antonio, was deprived of the ordinary pleasures of life which he enjoyed prior to this accident, and he will continue to be deprived of the ordinary pleasures of life in the future.

25. As a result of his injuries, David Antonio endured embarrassment and humiliation, and he will continue to endure embarrassment and humiliation in the future.

26. Solely as a result of the injuries sustained by the Plaintiff, David Antonio, he has suffered wage loss, and his earning capacity will be permanently impaired for an indefinite period of time in the future and a claim for such is hereby made.

WHEREFORE, Plaintiff, David Antonio, demands judgment against the Defendant, WPX Energy, Inc., in an amount in excess of the $75,000 jurisdictional limits for diversity jurisdiction together with costs, delay damages, prejudgment and post judgment interest as the law may allow.

## COUNT II - NEGLIGENCE

## DAVID ANTONIO vs MBI ENERGY LOGISTICS, LLC

27. Plaintiffs incorporate paragraphs 1 through 26 above as if the same were set forth at length herein.

28. Defendant MBI Energy Logistics was negligent in maintaining the drilling site on the date in question in that it:

    (a)    Failed to have adequate and proper guarding, including barriers, cones and/or roping around the trench;

    (b)    Failed to have artificial lighting in the area of the trench due to complaints made by the land owners and/or neighbors of the property that the lights were disturbing their sleep;

    (c)    Failed to have adequate and proper warnings and other notices posted regarding the trench;

    (d)    Failed to properly train its employees regarding the hazards of the unmarked, unguarded trench;

    (e)    Failed to exercise due care and reasonable care in keeping the premises safe and failed to permit and/or order its employees to properly warn of the hazards of the unmarked, unguarded trench;

    (f)    Caused the premises to exist in such a condition as to create an unreasonable risk of harm to persons walking in this area; and

    (g)    Failed to warn in any way Plaintiff, David Antonio, of the unprotected trench which was recently excavated by Defendants.

29. As a direct result of the aforesaid negligence, the Plaintiff, David Antonio, endured

the damages and injuries set forth above.

WHEREFORE, Plaintiff, David Antonio, demands judgment against the Defendant, MBI Energy Logistics, LLC, in an amount in excess of the $75,000 jurisdictional limits for diversity jurisdiction together with costs, delay damages, prejudgment and post judgment interest as the law may allow.

## COUNT III - NEGLIGENCE
## DAVID ANTONIO vs CONSOLIDATED RESOURCES, LLC

30. Plaintiffs incorporate paragraphs 1 through 29 above as if the same were set forth at length herein.

31. Defendant Consolidated Resources was negligent in maintaining the drilling site on the date in question in that it:

   (a) Failed to have adequate and proper guarding, including barriers, cones and/or roping around the trench;

   (b) Failed to have artificial lighting in the area of the hole due to complaints made by the land owners and/or neighbors of the property that the lights were disturbing their sleep;

   (c) Failed to have adequate and proper warnings and other notices posted regarding the trench;

   (d) Failed to properly train its employees regarding the hazards of the unmarked, unguarded trench;

   (e) Failed to exercise due care and reasonable care in keeping the premises safe and failed to permit and/or order its employees to properly warn of the hazards of the unmarked, unguarded trench;

(f)   Caused the premises to exist in such a condition as to create an unreasonable risk of harm to persons walking in this area; and

(g)   Failed to warn in any way Plaintiff, David Antonio, of the unprotected trench which was recently excavated by Defendants.

32.   As a direct result of the aforesaid negligence, the Plaintiff, David Antonio, endured the damages and injuries set forth above.

WHEREFORE, Plaintiff, David Antonio, demands judgment against the Defendant, Consolidated Resources, LLC, in an amount in excess of the $75,000 jurisdictional limits for diversity jurisdiction together with costs, delay damages, prejudgment and post judgment interest as the law may allow.

## COUNT IV - LOSS OF CONSORTIUM
## CYNTHIA ANTONIO vs WPX ENERGY, INC., MBI ENERGY LOGISTICS, LLC AND CONSOLIDATED RESOURCES, LLC

33.   Plaintiffs incorporate paragraphs 1 through 32 above as fully as if the same were set forth at length herein.

34.   Solely as a result of the above-referenced conduct of the Defendants, the Plaintiff, Cynthia Antonio, has been deprived of the care, comfort, assistance, support, services and consortium of her husband, and she will continue to be deprived of the foregoing for an indefinite period of time in the future.

WHEREFORE, Plaintiff, Cynthia Antonio, demands judgment against the Defendants in an amount in excess of the $75,000 jurisdictional limits for diversity jurisdiction together with costs, delay damages, prejudgment and post-judgment interest as the law may allow.

DOUGHERTY, LEVENTHAL & PRICE L.L.P.

BY:   Brian J. Walsh /s/
      BRIAN J. WALSH, ESQUIRE
      Attorney I.D. #82200

      459 Wyoming Avenue
      Kingston, PA 18704
      (570) 288-1427

Attorneys for the Plaintiffs, David Antonio and Cynthia Antonio

## VERIFICATION

I, **DAVID ANTONIO**, one of the named Plaintiffs in this action and as such I am authorized to make this Verification on my behalf. The facts set forth in the foregoing **COMPLAINT** are based on information furnished to counsel, which information has been gathered by counsel in the course of this lawsuit. The language of the Complaint is that of counsel and not of the undersigned. The undersigned verifies that he has read the attached Pleading and that it is true and correct to the best of my information and belief. The contents of the COMPLAINT were drafted by counsel and the undersigned has relied upon counsel in making this Verification. This Verification is made subject to the penalties of 18 Pa. C.S.A.§4904 relating to unsworn falsification to authorities.

_August 31, 2013_  
**DATED**

_David Antonio_  
**DAVID ANTONIO**

_Judith A. Krafjack_  
_Notary Public_

State of Pennsylvania  
County of Wyoming  
On this  31st  day of August 2013  
personally appeared before me,  
  David  Antonio  
who is personally known to me to be the  
signer of this instrument and he/she  
acknowledged that he/she signed it.

COMMONWEALTH OF PENNSYLVANIA  
Notarial Seal  
Judith A. Krafjack, Notary Public  
Meshoppen Boro, Wyoming County  
My Commission Expires Dec. 2, 2014

## VERIFICATION

I, **CYNTHIA ANTONIO**, one of the named Plaintiffs in this action and as such I am authorized to make this Verification on my behalf. The facts set forth in the foregoing **COMPLAINT** are based on information furnished to counsel, which information has been gathered by counsel in the course of this lawsuit. The language of the Complaint is that of counsel and not of the undersigned. The undersigned verifies that she has read the attached Pleading and that it is true and correct to the best of my information and belief. The contents of the COMPLAINT were drafted by counsel and the undersigned has relied upon counsel in making this Verification. This Verification is made subject to the penalties of 18 Pa. C.S.A.§4904 relating to unsworn falsification to authorities.

6/31/13
DATED

CYNTHIA ANTONIO

**CERTIFICATE REQUIRED BY F.S.A. 117.05(15)**

**CERTIFICATE OF TRUE COPY**
**STATE OF FLORIDA**
**COUNTY OF** PINELLAS

On this 3 day of AUG, 20 13, I attest that the preceding or attached document is a true, exact, complete, and unaltered photocopy made by me of (description of document) LEGAL DOCUMENT containing 1 pages, presented to me by the document's custodian, CYNTHIA ANTONIO and, to the best of my knowledge, that the photocopied document is neither a public record nor a publicly recordable document, certified copies of which are available from an official source other than a notary public.



JOSEPH M. BROADUS
MY COMMISSION # EE 888194
EXPIRES: April 20, 2017
Bonded Thru Notary Public Underwriters

NOTARY PUBLIC-State of Florida
sign
print JOSEPH BROADUS

Seal