# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAVID ANTONIO and CYNTHIA ANTONIO, husband and wife, | CIVIL ACTION NO. 3:CV-13-2310 |
| Plaintiffs, | |
| v. | (JUDGE CAPUTO) |
| WPX ENERGY, INC., MBI ENERGY LOGISTICS, LLC, and CONSOLIDATED RESOURCES, LLC, | |
| Defendants. | |

## MEMORANDUM

Presently before the Court is the Complaint filed by Plaintiffs David and Cynthia Antonio. (Doc. 1.) Because the Complaint fails to establish that the Court has subject matter jurisdiction over this action, it will be dismissed unless Plaintiffs can show that diversity jurisdiction is proper.

## I. Background

Plaintiffs commenced this action on or about September 10, 2013. Plaintiffs allege that the Court's basis for jurisdiction over the action is diversity of citizenship pursuant to 28 U.S.C. § 1332(a)(1). (*Compl.*, ¶ 9.)

Plaintiff David Antonio is alleged to "reside[ ] at 210 Old Rte. 6 East, Apt. 6, Laceyville, Wyoming County, Pennsylvania." (*Id*. at ¶ 1.) Plaintiff Cynthia Antonio "resides at 1368 Wexford Drive South, Palm Harbor, Florida, 34683." (*Id*.)

Defendant WPX Energy, Inc. is "a Delaware Corporation with its principal place of business" in Tulsa, Oklahoma. (*Id*. at ¶ 2.) Defendant MBI Energy Logistics, LLC is "a North Dakota corporation with its principal place of business located at 12980 Thirty Fifth Street

SW, P.O. Box 458, Belfield, North Dakota." (*Id*. at ¶ 3.) Defendant Consolidated Resources, LLC is "a Georgia corporation with its principal place of business located at 2029 5th Ave., Columbus, Georgia." (*Id*. at ¶ 4.)

## II. Analysis

Federal courts have an obligation to address issues of subject matter jurisdiction *sua sponte. See Shaffer v. GTE North, Inc.*, 284 F.3d 500, 502 (3d Cir.2002) (citing *Club Comanche, Inc. v. Gov't of the Virgin Islands*, 278 F.3d 250, 255 (3d Cir. 2002)). Plaintiffs allege that the Court's basis for jurisdiction is pursuant to 28 U.S.C. § 1332(a)(1). Section 1332(a)(1) gives district courts original jurisdiction to hear cases where the matter in controversy exceeds the value of seventy-five thousand dollars ($75,000) and is between citizens of different states. In order for jurisdiction to exist, there must be complete diversity, meaning that each defendant must be a citizen of a different state from each plaintiff. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373, 98 S. Ct. 2396, 57 L. Ed. 2d 274 (1978). Of course, "[t]he person asserting jurisdiction bears the burden of showing that the case is properly before the court at all stages of the litigation." *Packard v. Provident Nat'l Bank*, 994 F.2d 1039, 1045 (3d Cir. 1993).

"It is . . . well established that when jurisdiction depends upon diverse citizenship the absence of sufficient averments or of facts in the record showing such required diversity of citizenship is fatal and cannot be overlooked by the court, even if the parties fail to call attention to the defect, or consent that it may be waived." *Thomas v. Bd. of Trs.*, 195 U.S. 207, 211, 25 S. Ct. 24, 49 L. Ed. 160 (1904). Moreover, "[w]hen the foundation of federal authority is, in a particular instance, open to question, it is incumbent upon the courts to

resolve such doubts, one way or the other, before proceeding to a disposition of the merits." *Carlsberg Res. Corp. v. Cambria Sav. & Loan Ass'n*, 554 F.2d 1254, 1256 (3d Cir. 1977); *see also* Fed R. Civ. P. 12(h)(3).

In this matter, Plaintiffs' Complaint fails to demonstrate the requirements of federal subject matter jurisdiction because it insufficiently alleges the citizenship of Plaintiffs and the limited liability company Defendants.

**A.    Citizenship of Plaintiffs**

For purposes of diversity jurisdiction, a natural person is deemed to be a citizen of the state where she is domiciled. *Swiger v. Allegheny Energy, Inc.*, 540 F.3d 179, 182 (3d Cir. 2008) (citing *Gilbert v. David*, 235 U.S. 561, 569, 35 S. Ct. 164, 59 L. Ed. 360 (1915)).  To be domiciled in a state, a person must reside there and intend to remain indefinitely. *Krasnov v. Dinan*, 465 F.2d 1298, 1300-01 (3d Cir. 1972).  A person may have only one domicile, and thus may be a citizen of only one state for diversity jurisdiction purposes. *See Williamson v. Osenton*, 232 U.S. 619, 34 S. Ct. 442, 58 L. Ed. 758 (1914).

To the extent the Complaint alleges that Plaintiff David Antonio "resides" in Pennsylvania and Cynthia Antonio "resides" in Florida, this is not sufficient.  Residence is not the same as domicile and does not establish citizenship for diversity purposes. *See Krasnov*, 465 F.2d at 1300 (3d Cir. 1972) ("Where one lives is *prima facie* evidence of domicile, but mere residency in a state is insufficient for purposes of diversity") (internal citations omitted).  To properly allege diversity, Plaintiffs must allege their state of citizenship, not merely their state of residence.  As the Complaint does not contain these

3

facts, the Court cannot determine whether subject matter jurisdiction exists.

**B.      Citizenship of the Limited Liability Companies**

The Complaint also fails to properly allege the citizenship of the limited liability company Defendants.  MBI Energy Logistics, LLC is alleged to be a North Dakota corporation with its principal place of business in North Dakota. (*Compl.*, ¶ 3.)  Similarly, Consolidated Resources, LLC is averred to be a Georgia corporation with its principal place of business in Georgia. (*Id*. at ¶ 4.)  Essentially, Plaintiffs plead the citizenship of the limited liability company Defendants as though they are corporations.  However, LLC denotes not a corporation, but a limited liability company, and "the citizenship of an LLC is determined by the citizenship of its members." *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 420 (3d Cir. 2010); *see also Carden v. Arkoma Assocs.*, 494 U.S. 185, 195, 110 S. Ct. 1015, 108 L. Ed. 2d 157 (1990) (affirming that the citizenship of an artificial entity depends on the citizenship of all its members); 1 Fed. Proc., L. Ed. § 1:165 (2013) ("a limited liability company is a citizen, for purposes of diversity jurisdiction, of each state where its members are citizens.").  And, where one or more of an LLC's members is itself another LLC, the citizenship of each LLC must be determined by "trac[ing] through however many layers of partners or members there may be." *Zambelli Fireworks*, 592 F.3d at 420.

Here, the Complaint fails to allege facts regarding the citizenship of the members of MBI Energy Logistics, LLC or Consolidated Resources, LLC.  Therefore, the Court cannot determine whether diversity jurisdiction applies to these entities.

4

### III. Conclusion

Because the Court cannot determine whether subject matter jurisdiction exists, the matter is subject to dismissal under Federal Rule of Civil Procedure 12(h)(3).  However, Plaintiffs will be given an opportunity to amend the Complaint and show that diversity of citizenship jurisdiction exists.  Plaintiffs will be given twenty-one (21) days in which to file an amended complaint.  Failure to do so will result in this action being dismissed.

An appropriate order follows.


September 16, 2013  /s/ A. Richard Caputo
Date  A. Richard Caputo
  United States District Judge